1  LYSSA S. ANDERSON
   Nevada Bar No. 5781
2  RYAN W. DANIELS
   Nevada Bar No. 13094
3  KAEMPFER CROWELL
   1980 Festival Plaza Drive, Suite 650
4  Las Vegas, Nevada  89135
   Telephone:   (702) 792-7000
5  Fax:            (702) 796-7181
   landerson@kcnvlaw.com
6  rdaniels@kcnvlaw.com

7  Attorneys for Defendants
   SHERIFF DOUGLAS GILLESPIE and
8  LAS VEGAS METROPOLITAN POLICE DEPARTMENT

9

10              UNITED STATES DISTRICT COURT

11                  DISTRICT OF NEVADA

12  VANESSA KELLEY,                        Case No.:

13          Plaintiff,                     (District Court, Clark County Nevada Case
    vs.                                    No. A-15-726182-C)
14
    CITY OF HENDERSON, a political
15  subdivision of the State of Nevada and the
    County of Clark; LAS VEGAS             **LVMPD DEFENDANTS' NOTICE OF**
16  METROPOLITAN POLICE DEPARTMENT,              **REMOVAL**
    a political subdivision of the State of Nevada
17  and the County of Clark d/b/a CLARK
    COUNTY DETENTION CENTER;
18  HENDERSON POLICE CHIEF PATRICK
    MOERS, in his individual capacity; LVMPD
19  SHERIFF DOUGLAS GILLESPIE, in his
    individual capacity; DETECTIVE MARK
20  HOSAKA, in his individual capacity as an
    officer employed by the City of Henderson;
21  DETECTIVE CHAD MITCHELL, in his
    individual capacity as an officer employed by
22  the City of Henderson; NAPHCARE, medical
    care provider for the Clark County Detention
23  Center; CORIZON CORRECTIONAL
    HEALTHCARE, a medical care provider for
24  the Henderson Jail; DOE DEFENDANTS I-X,
    individually; DOES HENDERSON POLICE

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

1  OFFICERS I-X, individually as officers
   employed by the City of Henderson; DOE
2  LVMPD POLICE OFFICERS I-X,
   individually as officers employed by LVMPD;
3  and ROE ENTITIES I-X, inclusive,

4                    Defendants.

5

6          Pursuant to 28 U.S.C. § 1441, Defendants Sheriff Douglas C. Gillespie ("Gillespie") and

7  the Las Vegas Metropolitan Police Department ("LVMPD"), (collectively referred to as the

8  "LVMPD Defendants"), by and through their counsel, hereby remove this action to this Court.

9  In support of this action, the LVMPD Defendants state as follows:

10         1.      This action was commenced in the Eighth Judicial District Court of Clark County,

11 State of Nevada.  The Complaint ("Complaint") was filed in the Eighth Judicial District Court on

12 October 14, 2015, under Case No. A-15-726182-C.  The LVMPD Defendants were served with

13 process on November 2, 2015.

14         2.      This Notice of Removal is filed within thirty (30) days after receipt by the

15 LVMPD Defendants of the Complaint, in compliance with 28 U.S.C. § 1446(b) and per this

16 Court's decision in *Coleman v. Assurant, Inc.*, 463 F.Supp.2d 1164 (D. Nev. 2006) (providing

17 thirty (30) days for removal after notice and/or service of each defendant).  Pursuant to §

18 1446(a), a copy of the following are attached hereto as Exhibit A: (1) Complaint; (2) Summons;

19 and (3) Notice by Defendants of Removal of Action.  On information and belief, no other

20 pleadings have been served and no orders have been entered.

21         3.      Removal is appropriate pursuant to 28 U.S.C. § 1441(b), as this Court has original

22 jurisdiction over this action pursuant to 28 U.S.C. § 1331 (granting district courts original

23 jurisdiction over claims "arising under the Constitution, laws, or treaties of the United States").

24 Plaintiff's Complaint asserts claims for alleged Fourth (4th) and Fourteenth (14th) Amendment

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

1   violations and is brought pursuant to 42 U.S.C. § 1983.  The LVMPD Defendants' first notice of

2   this action was on November 2, 2015, the date that they were served with a summons and a copy

3   of the Plaintiff's Complaint.

4       4.      I have been in contact with counsel for each of the other Defendants in Plaintiff's

5   caption.  I have been advised that the City of Henderson, Henderson Police Chief Patrick Moers,

6   Detective Mark Hosaka and Detective Chad Mitchell have been served with process.  Each of

7   these Defendants consent to the removal of this action and will be filing a Consent to Removal.  I

8   have also spoken with counsel for NaphCare.  I have been advised that NaphCare was served

9   with process November 5, 2015, and that they consent to the removal of this action.  NaphCare

10  will also be filing a Consent to Removal.  Finally, I have been in contact with counsel for

11  Corizon Correctional Healthcare.  I have been advised that Corizon consents to the removal of

12  this action and will timely file a Consent to Removal.

13      5.      The above-entitled action is a civil action for damages based on theories

14  implicating the Fourth and Fourteenth Amendments.  As to the non-federal claims, if any, 28

15  U.S.C. § 1441(c) provides grounds for removal.

16      6.      Pursuant to 28 U.S.C. § 1446(a), the state court in which this action was

17  commenced is within this Court's jurisdiction.

18      7.      Pursuant to 28 U.S.C. § 1446(d), the LVMPD Defendants file this Notice of

19  Removal within thirty (30) days of receipt by the LVMPD Defendants of Plaintiff's Complaint in

20  the state court action.

21  ///

22  ///

23  ///

24  ///

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

1721467_1.doc  6943.94

1       8.    Pursuant to U.S.C. § 1446(d), the LVMPD Defendants certify that a copy of this

2  Notice of Removal will be served promptly on Plaintiff and filed with the Clerk of the Eighth

3  Judicial District Court, Clark County, Nevada.

4      DATED this 20th day of November, 2015.

5              KAEMPFER CROWELL

6              BY:

7                  LYSSA S. ANDERSON (Nevada Bar No. 5781)

                  RYAN W. DANIELS (Nevada Bar No. 13094)

8                  1980 Festival Plaza Drive, Suite 650

                  Las Vegas, Nevada 89135

9                  Attorneys for Defendants SHERIFF DOUGLAS

                  GILLESPIE and LAS VEGAS METROPOLITAN

10                 POLICE DEPARTMENT

11

12

13

14

15

16

17

18

19

20

21

22

23

24

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

1721467_1.doc  6943.94

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing **LVMPD DEFENDANTS' NOTICE OF REMOVAL** was made this date via this Court's CM/ECF filing system, addressed to each of the following:

Cal J. Potter, III, Esq.
Cal J. Potter, IV, Esq.
Potter Law Offices
1125 Shadow Lane
Las Vegas, NV 89102
**Attorneys for Plaintiff**

DATED this 20th day of November, 2015.

_an employee of Kaempfer Crowell_

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

# EXHIBIT A

# EXHIBIT A

Electronically Filed
10/14/2015 01:59:57 PM

Stan & Column

CLERK OF THE COURT

1  CAL J. POTTER, III, ESQ.
   Nevada Bar No. 1988
2  C. J. POTTER, IV, ESQ.
   Nevada Bar No. 13225
3  POTTER LAW OFFICES
   1125 Shadow Lane
4  Las Vegas, Nevada 89102
   Ph: (702) 385-1954
5  Fax: (702) 385-9081
   *Attorney for Plaintiffs*
6

7                    **DISTRICT COURT**

8               **CLARK COUNTY, NEVADA**

9
   VANESSA KELLEY,                        CASE NO.: A-15-726182-C
10
            Plaintiff,                    DEPT. NO.: XVII
11
   vs.
12
   CITY OF HENDERSON, a political subdivision
13 of the State of Nevada and the County of Clark;           **COMPLAINT**
   LAS VEGAS METROPOLITAN POLICE                            **(Jury Demanded)**
14 DEPARTMENT, a political subdivision of the
   State of Nevada and the County of Clark d/b/a
15 CLARK COUNTY DETENTION CENTER;
   HENDERSON POLICE CHIEF PATRICK
16 MOERS, in his individual capacity;
   LVMPD SHERIFF DOUGLAS GILLESPIE, in
17 his individual capacity; DETECTIVE MARK
   HOSAKA, in his individual capacity as an
18 officer employed by the City of Henderson;
   DETECTIVE CHAD MITCHELL, in his
19 individual capacity as an officer employed by
   the City of Henderson; NAPHCARE, medical
20 care provider for the Clark County Detention
   Center; CORIZON CORRECTIONAL
21 HEALTHCARE, medical care provider for the
   Henderson Jail; DOE DEFENDANTS I-X,
22 individually; DOE HENDERSON POLICE
   OFFICERS I-X, individually as officers
23 employed by the City of Henderson; DOE
   LVMPD POLICE OFFICERS I-X, individually
24 as officers employed by LVMPD; and ROE
   ENTITIES I-X, inclusive;
25
            Defendants.
26

27        COMES NOW, Plaintiff, VANESSA KELLEY, by and through her attorney, CAL J.

28 POTTER, III, ESQ. and C. J. POTTER, IV, ESQ. of POTTER LAW OFFICES, and hereby complain

1

1 | of the Defendants, and each of them, jointly and severally, upon information and belief, and
2 | respectfully allege:

3

## INTRODUCTION

4     1.    This action seeks monetary damages for violations of the Plaintiff's civil rights
5 | guaranteed under the Fourth and Fourteenth Amendments to the Constitution of the United States of
6 | America and Title 42 U.S.C. §§ 1983, 1988, 2201 and 2202.

7     2.    This action is also brought to seek redress for the torts of negligence, negligent
8 | supervision, negligent training and negligent hiring.

9

## PARTIES

10     3.    Plaintiff VANESSA KELLEY (hereinafter "Ms. Kelley" or "Plaintiff"), is a citizen
11 | of the State of Nevada, County of Clark. At all times relevant hereto, the Plaintiff was confined at
12 | the City of Henderson Detention Center, in Henderson, Clark County, Nevada, and under the
13 | jurisdiction of the State of Nevada.

14     4.    The Defendant, CITY OF HENDERSON (hereinafter "Henderson") is a municipality,
15 | and is a political subdivision of the State of Nevada, and at all times relevant hereto operated the City
16 | of Henderson Detention Center ("jail") and employed Defendant Chief Patrick Moers, Defendant
17 | Detective Mark Hosaka, Defendant Detective Chad Mitchell, and Defendant Doe Henderson Police
18 | Officers, respectively, who were working under the color of law and the scope and duties of their
19 | employment with Henderson. Henderson is a law enforcement agency entrusted to provide thorough
20 | and accurate investigation, reporting, and preservation and disclosure of exculpatory evidence in
21 | criminal investigations, all consistent with the due process rights of the Plaintiff at all times relevant
22 | herein. Additionally, Henderson, as operator of the Henderson Jail, has a constitutional obligations
23 | to provide medical care for pretrial detainee's serious medical conditions and to not falsely imprison
24 | individuals, each of which duty Henderson  breached with regard to Ms. Kelley. Defendant
25 | Henderson has de facto policies of not preserving and disclosing exculpatory evidence once they
26 | believe they have found probable cause, in violation of the Plaintiff's constitutional rights under
27 | Fourteenth Amendment to the United States Constitution; falsely imprisoning pretrial detainees; and,
28 | not providing medical care to pretrial detainees serious medical conditions.

1    5.    Defendant, LAS VEGAS METROPOLITAN POLICE DEPARTMENT (Hereinafter
2  referred to as "LVMPD"), is a political entity formed and operated pursuant to the Nevada Revised
3  Statutes and at all times relevant hereto operated the Clark County Detention Center ("CCDC") and
4  employed Defendant Gillespie and Doe LVMPD Corrections officers respectively, who were working
5  under the color of law and the scope and duties of their employment with LVMPD.  LVMPD as
6  operator of CCDC has constitutional obligations to provide medical care for pretrial detainee's serious
7  medical conditions and to not falsely imprison individuals, each of which duty LVMPD breached with
8  regard to Ms. Kelley. LVMPD has de facto policies of falsely imprisoning pretrial detainees; and, not
9  providing medical care to pretrial detainees serious medical conditions.

10    6.    At all times mentioned herein Defendant CHIEF PATRICK MOERS (hereinafter
11  "Chief Moers" or "Defendant") at all material times was appointed by Defendant City of Henderson
12  as the Chief of Police and was acting within the course and scope of his employment. As Chief,
13  Defendant Chief Moers is a policy-making official for Henderson with the power to make official and
14  final policy for Henderson. As such, he was responsible for his conduct and the conduct of the of the
15  Defendant Doe Henderson Police Officers and employees.  He is also responsible by law for
16  enforcing the laws of Nevada and regulations of Henderson and for ensuring that officers and
17  employees obey the laws of the State of Nevada and the United States. Chief Moers is sued in his
18  individual capacity.

19    7.    At all times mentioned herein Defendant SHERIFF DOUGLAS GILLESPIE
20  (hereinafter "Sheriff Gillespie" or "Defendant") at all material times was elected as Sheriff of
21  LVMPD and was acting within the course and scope of his employment. As Sheriff, Defendant
22  Gillespie is a policy-making official for LVMPD with the power to make official and final policy for
23  Henderson. As such, he was responsible for his conduct and the conduct of the of the Defendant Doe
24  LVMPD Officers and employees. He is also responsible by law for enforcing the laws of Nevada and
25  regulations of Henderson and for ensuring that officers and employees obey the laws of the State of
26  Nevada and the United States. Defendant Gillespie is sued in his individual capacity.

27    8.    Defendant, DETECTIVE MARK HOSAKA (hereinafter "Detective Hosaka" or
28  "Defendant") is and was at all times relevant to this Complaint an individual employed with

3

1  Henderson. Detective Hosaka is a Henderson detective who was entrusted with the investigation of
2  the underlying case that forms the basis of this action. Henderson is vicariously liable for the actions
3  of Detective Hosaka in tort and independently in § 1983 because it has also fostered the practice to
4  exclude exculpatory information when assessing probable cause. It further has allowed untrustworthy
5  testimony on the sole bases for probable cause. Said actions were a *de facto* policy of Henderson. At
6  all times herein Detective Hosaka was acting under the color of law. Detective Hosaka is sued in his
7  individual capacity.

8      9.      Defendant, DETECTIVE CHAD MITCHELL (hereinafter "Detective Mitchell" or
9  "Defendant") is and was at all times relevant to this Complaint an individual employed with
10 Henderson. Detective Mitchell is a Henderson detective who was entrusted with the investigation of
11 the underlying case that forms the basis of this action. Henderson is vicariously liable for the actions
12 of Detective Mitchell in tort and independently in § 1983 because it has also fostered the practice to
13 exclude exculpatory information when assessing probable cause. It further has allowed untrustworthy
14 testimony on the sole bases for probable cause. Said actions were a *de facto* policy of Henderson. At
15 all times herein Detective Mitchell was acting under the color of law. Detective Mitchell is sued in
16 his individual capacity.

17     10.     Defendant CORIZON CORRECTIONAL HEALTHCARE ("Corizon"), was and is
18 a corporation qualified to do business in the State of Nevada and at all relevant times operated as
19 health care provider at Henderson Jail. Corizon employed the Doe personnel who were deliberately
20 indifferent to Ms. Kelley's serious medical needs.

21     11.     Defendant NAPHCARE ("NaphCare"), was and is a corporation qualified to do
22 business in the State of Nevada and at all relevant times operated as health care provider at CCDC.
23 NaphCare employed the Doe personnel who were deliberately indifferent to Ms. Kelley's serious
24 medical needs.

25     12.     The true names and capacities, whether individual, corporate, associate, partnership
26 or otherwise were the agents of one another of Defendants herein designated as DOE DEFENDANTS
27 I-X, DOE HENDERSON POLICE OFFICERS I-X, DOE LVMPD POLICE OFFICERS I-X, and
28 ROE ENTITIES I-X are unknown to Plaintiff, who, therefore sues said Defendants by such fictitious

4

1   names because Defendants have not been forthcoming with the identities of the Doe Defendants.
2   DOE DEFENDANTS I-X include all Doe Corizon and Doe NaphCare Defendants. Plaintiff alleges
3   that each named Defendant designated as Doe Defendants, Doe Henderson Police Officers, Doe
4   LVMPD Officers and Roe Entities negligently, willfully, maliciously, contractually, vicariously, or
5   otherwise are legally responsible for the events and happenings herein referred to and likewise
6   proximately caused injury and damages to Plaintiff. Specifically, the actionable conduct of the Doe
7   Corizon, Doe NaphCare, Doe Henderson and Doe LVMPD Defendants includes, but is not limited
8   to, denying Plaintiff medical care for her serious medical needs. Plaintiff reserves the right to ask
9   leave of this Court to insert the true names and capacities of such Defendants when the same have
10  been ascertained, and will further ask leave to join said Defendants in these proceedings. Plaintiff
11  will amend the complaint when the names of the Doe parties who are agents, employees, or are
12  otherwise responsible for the selection of court appointed counsel for indigent defendants, to
13  substitute the true names of the Doe Defendants, Doe Henderson Police Officers, and Roe Entities.

14      13.     The named Defendants, as well as Doe Defendants, Doe Henderson Police Officers,
15  Doe LVMPD Officers and Roe Entities are also supervisory and/or policy making officials of
16  Henderson and LVMPD as yet unidentified who have adopted, implemented, maintained or tolerated
17  polices which permitted, facilitated or allowed the violation of Plaintiff's civil rights. Plaintiff will
18  ask leave of this Court to insert the true names and capacities of such Defendants when the same have
19  been ascertained and will further ask leave to join said Defendants in these proceedings.

20      14.     Plaintiff is informed and believes, and thereon alleges, that each of the Defendants was
21  at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter
22  ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course
23  and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each
24  of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and
25  ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may
26  be hereinafter otherwise specifically alleged. At all material times, each Defendant was jointly
27  engaged in tortious activity, resulting in the deprivation of Plaintiff's constitutional rights and other
28  harm.

1    15.    The acts and omissions of all Defendants as set forth herein were at all material times
2    pursuant to the actual customs, policies, practices and procedures of Henderson and LVMPD.

3    16.    At all material times, each Defendant acted under color of the laws, statutes,
4    ordinances, and regulations of the State of Nevada.

5                                              **FACTS**

6    17.    That on or about October 16, 2013, and October 21, 2013, Ms. Kelley was falsely
7    arrested by Henderson Police Department for charges of Attempted Murder with use of Deadly
8    Weapon against Audrey Young, Plaintiff's spouse at the time.

9    18.    That on said date, Ms. Young called Henderson Police Department and reported that
10   Ms. Kelley stabbed her in the head, chest, and neck.

11   19.    That on the date and time in question, Ms. Kelley was at Clark County Family Court
12   to file a temporary protective order against Ms. Young. Therefore, Ms. Kelley did not and could not
13   have attempted to murder Ms. Young.

14   20.    That Ms. Kelley was depicted on surveillance video, at Family Court, at the time that
15   she was alleged to have committed the crime.

16   21.    That Ms. Kelley was charged and held in jail for while the Defendants were
17   investigating the alleged crime, but failed to investigate Ms. Kelley's contention that she was at
18   Family Court.

19   22.    The video evidence of Ms. Kelley at Family Court when the alleged crime was
20   committed was presented to the Honorable Henderson Municipal Court Judge Hedger who dismissed
21   this action after reviewing the video evidence corroborating that Ms. Kelley was indeed at Family
22   Court when Ms. Young alleged that she was injured by Ms. Kelley.

23   23.    Defendants Hosaka and Mitchell lacked probable cause to make either arrest.

24   24.    As a result of the circumstances, and Defendants Hosaka's and Mitchell's knowledge
25   of evidence which exculpated Ms. Kelley of any crime, the Defendant Officers had an affirmative
26   constitutional obligation to obtain the exculpatory evidence. However, the Defendant officers chose
27   not to comply with their constitutional obligations.

28   . . .

6

1    25.    That Ms. Kelley was unlawfully incarcerated for approximately six (6) months, at both
2  Henderson Jail and CCDC, because of the criminal charges that Detectives Mitchell and Hosaka filed
3  which lacked probable cause or a constitutionally adequate investigation. During her incarceration,
4  the Henderson Jail, Clark County Detention Center, Corizon Healthcare, and Naphcare refused to
5  provide Ms. Kelly medication and treatment for her serious medical needs.

6    26.    Had the Defendants investigated the matter in a constitutionally adequate fashion, they
7  would have found that Audrey Young suffers from severe psychological issues and has been an
8  outpatient of the State of Nevada Division of Mental Health and Developmental Services with clinical
9  diagnoses including, but not limited to: bipolar disorder, schizophrenia, and borderline personality
10  disorder.

11    27.    The criminal charges and wrongful incarceration by the Defendants caused the Plaintiff
12  to suffer from a deprivation of civil rights, excessive pain and suffering, and severe emotional trauma.

13    28.    Ms. Kelly's criminal charges were terminated in her favor.

14    29.    That Ms. Kelly's wrongful arrest, wrongful imprisonment at Henderson Jail, and denial
15  of medical care at Henderson Jail, were caused by the *de facto* policies of the Henderson Police
16  Department which were personally promulgated by Defendant Moers.

17    30.    That Ms. Kelly's wrongful imprisonment at CCDC, and denial of medical care at
18  CCDC, were caused by the *de facto* policies of LVMPD which were personally promulgated by
19  Defendant Gillespie.

20    31.    At all times relevant hereto, all Defendants were acting under the color of law.

21    32.    At all times relevant hereto, the conduct of each and every Defendant caused the
22  violations of Ms. Kelley's civil rights.

23                        **FIRST CAUSE OF ACTION**

24                 **VIOLATION OF 42 USC 1983 - UNLAWFUL IMPRISONMENT**

25    **(Against Defendants Moers, Gillespie, Hosaka, Mitchell, Doe Henderson Officers I-X, and**

26                        **Doe LVMPD Officers I-X)**

27    33.    Plaintiff realleges each and every paragraph in this Complaint as if fully set forth here.

28  . . .

                                7

34.     Defendants violated 42 USC § 1983, depriving Plaintiff of the clearly-established and well-settled constitutional right to be free from unlawful detention protected by the Fourth and Fourteenth Amendments to the United States Constitution.

35.     Each of the Defendants were personally aware of the fact that Ms. Kelley was being unlawfully incarcerated. Despite this fact each Defendant chose to continue to violate Ms. Kelley's civil rights by falsely imprisoning her for approximately six months. By doing so each Defendant was deliberately indifferent to Ms. Kelley's constitutional rights and well being.

36.     Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of her rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Ms. Kelley would be violated by their acts and/or omissions.

37.     As a direct and proximate result of Defendants act and/or omissions as set forth above, Plaintiff sustained injuries and damages in a sum in excess of ten thousand dollars. ($10,000.00).

38.     The conduct of Defendants entitles Plaintiff to punitive damages and penalties allowable under 42 USC §1983 and N.R.S.§ 42.005 in excess of ten thousand dollars. ($10,000.00).

39.     Plaintiff is also entitled to costs and attorneys fees under 42 USC § 1988 and applicable Nevada statutes.

40.     As a direct and proximate result of the acts and omissions of the Defendants, and each of them, Plaintiff endured mental suffering, and was falsely imprisoned which caused unnecessary pain and suffering in an amount in excess of ten thousand dollars ($10,000.00).

41.     The above-described violations of Plaintiff's civil rights were committed under color of state law and pursuant to the custom, policy and usage of the Defendants Henderson Police Department, who operates the Henderson Jail, and Defendant LVMPD, who operates CCDC, to deprive Plaintiff and others similarly situated of the rights, privileges and immunities secured by the United States Constitution and the laws of the United States of America and the Defendants, and each of them are, therefore, liable to the Plaintiff for injuries and damages so caused pursuant to 42 U.S.C. § 1983, in an amount in excess of ten thousand dollars ($10,000.00).

42.     Plaintiff claims attorneys fees pursuant to 42 U.S.C. §§ 1983 and 1988.

. . .

8

1

## SECOND CAUSE OF ACTION

2    VIOLATION 42 USC SEC. 1983 - DUE PROCESS VIOLATION FOR MALICIOUS PROSECUTION

3    (Against Defendants, Moers, Hosaka, Mitchell, and Doe Henderson Officers I-X)

4    43.    Plaintiff realleges each and every paragraph in this Complaint as if fully set forth here.

5    44.    That the Plaintiff was entitled to a reasonable and constitutionally adequate criminal
6    investigation, including prompt attempts to rectify a wrong, not to cover up and perpetuate wrongful
7    convictions by illegal and obstructionist tactics, and to otherwise act with conscious indifference to
8    the Plaintiffs rights.

9    45.    That despite being aware of materially exculpatory evidence, said evidence clearly
10   exonerating the Plaintiff, by relying upon false statements implicating the Plaintiff, the Defendants
11   acted with deliberate and conscious indifference to the Plaintiff's rights.

12   46.    That in the investigation and prosecution of the Plaintiff, the Defendants and others,
13   known and unknown, willfully and recklessly violated the Plaintiff's due process rights by conducting
14   a constitutionally inadequate, unreasonable investigation, by fabricating evidence, by willfully
15   ignoring evidence that supported and established the Plaintiff's innocence, by violating clearly
16   established policy and procedures to secure just and fair convictions while promptly and zealously
17   pursuing and investigating exculpatory evidence that comes into existence prior, during, and after the
18   Plaintiff's wrongful conviction.

19   47.    That the Defendants, acting under color of law, deprived Plaintiff of her rights
20   provided by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

21   48.    That by reason of the aforesaid actions, Plaintiff was arrested, incarcerated, charged
22   with crimes she did not commit, and wrongfully incarcerated. Plaintiff sustained severe emotional,
23   psychological, and physical injuries, mental pain and suffering, and emotional distress, all of which
24   said conditions may be permanent or disabling in nature.

25   49.    As a direct and proximate result of the acts and omissions of the Defendants, and each
26   of them, Plaintiff endured mental suffering, was deprived of release in a timely manner which caused
27   unnecessary pain and suffering in an amount in excess of ten thousand dollars ($10,000.00).

28   . . .

9

1    50.    The above-described violations of Plaintiff's civil rights were committed under color
2  of state law and pursuant to the custom, policy and usage of the Defendants City of Henderson and
3  Henderson Police Department, who operate the Henderson Detention Center, to deprive Plaintiff and
4  others similarly situated of the rights, privileges and immunities secured by the United States
5  Constitution and the laws of the United States of America and the Defendants, and each of them are,
6  therefore, liable to the Plaintiff for injuries and damages so caused pursuant to 42 U.S.C. § 1983, in
7  an amount in excess of ten thousand dollars ($10,000.00).

8    51.    Plaintiff claims attorneys fees pursuant to 42 U.S.C. §§ 1983 and 1988.

9                            **THIRD CAUSE OF ACTION**

10  **Violation of 42 U.S.C. § 1983 - DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED**

11                          **(Against all Defendants)**

12    52.    All other paragraphs contained within this complaint are hereby incorporated by
13  reference as though they set forth fully here.

14    53.    Defendants, and each of them, were acting under the color of law at all times
15  relevant hereto.

16    54.    Defendant's, and each of them, were deliberately indifferent to Plaintiff's serious
17  medical needs by denying Plaintiff treatment for her serious medical needs and psychological
18  conditions. Defendant's actions were pursuant to policies promulgated by Defendants Moers and
19  Gillespie, with deliberate indifference to the constitutional rights of Plaintiff. Defendant's policies
20  and refusal to treat plaintiff for her serious medical needs caused Plaintiff to further suffer harm
21  and caused the deprivation of her constitutional guarantee to be free from cruel and unusual
22  punishment.

23    55.    Ms. Kelley's serious medical needs were objectively serious because she was
24  diagnosed with the psychological conditions prior to her wrongful imprisonment.

25    56.    As a direct and proximate result of denying Plaintiff treatment for her serious
26  medical needs, Plaintiff suffered further injuries and damages, including, but not limited to,
27  extreme mental and emotional distress.

28  . . .

                                    10

1    57.    Despite Defendant's actual knowledge of Plaintiff's worsening condition, the
2  Defendants refused to treat Ms. Kelley's serious medical conditions which resulted in
3  unnecessary excruciating pain.

4    58.    Defendant's, and each of them, subjected Ms. Kelley to cruel and unusual
5  punishment in violation of the Eighth and Fourteenth Amendments.

6    59.    As a direct and proximate result of the Defendants' deliberate indifference, Ms.
7  Kelley has suffered serious pain and injuries and is entitled to compensation for the
8  aforementioned damages, and the Defendants, and each of them, have subjected themselves to
9  liability for those damages pursuant to the common law and the statutory law of the State of
10 Nevada.

11    60.    Defendants knowingly made, modified and carried out policies of Henderson and
12 LVMPD concerning being deliberately indifferent to the constitutional rights of inmates by having
13 a policy to refuse to treat pretrial detainees for serious psychological conditions.

14    61.    At all times material hereto, Defendants pursuant to patterns, practices, policies,
15 and/or customs of Henderson and LVMPD, were deliberately indifferent to Ms. Kelley's
16 constitutional rights

17    62.    Having ignored Ms. Kelley's constitutional rights, all Defendants subjected
18 themselves to liability under the provisions of 42 U.S.C. § 1983 in a sum in excess of ten
19 thousand dollars. ($10,000.00).

20    63.    As a result of Defendant's deliberate indifference to a serious medical need
21 Plaintiff has suffered damages in excess of ten thousand dollars and is entitled to attorney's fees
22 pursuant to § 1988.

23                          **FOURTH CAUSE OF ACTION**

24    **VIOLATION 42 USC SEC. 1983 - MONELL CLAIMS AGAINST HENDERSON AND LVMPD**

25    64.    Plaintiff realleges each and every paragraph in this Complaint as if fully set forth here.

26    65.    The unconstitutional actions and/or omissions of Chief Moers and City of Henderson
27 as well as other officers employed by or acting on behalf of Defendants, on information and belief,
28 were pursuant to the following customs, policies, practices, and/or procedures of Henderson, stated

11

1 | in the alternative, which were directed, encouraged, allowed, and/or ratified by policy-making officers
2 | of Henderson:

3 |   a.  to allow Officers to not obtain exculpatory evidence;

4 |   b.  to tolerate Officers not obtaining exculpatory evidence;

5 |   c.  to allow Officers to not disclose exculpatory evidence;

6 |   d.  to tolerate Officers not disclosing exculpatory evidence;

7 |   e.  To fail to use appropriate and generally accepted law enforcement procedures
8 |       concerning erroneous and false reports of criminal activity;

9 |   f.  allowing, tolerating, and/or encouraging police officers to "coach" witnesses
10 |      and/or to manufacture stories to bolster witnesses' stories; and/or obstruct or
11 |      interfere with investigations by withholding and/or concealing material
12 |      information;

13 |  g.  being deliberately indifferent to the constitutional rights of inmates by having
14 |      a policy to refuse to treat pretrial detainees for serious psychological
15 |      conditions.

16 |  h.  Policy of failing to discipline poorly performing officers and officers who
17 |      violate citizens' constitutional rights.

18 |     66.    The unconstitutional actions and/or omissions of Sheriff Gillespie and LVMPD, as
19 | well as other officers employed by or acting on behalf of Defendants, on information and belief, were
20 | pursuant to the following customs, policies, practices, and/or procedures of LVMPD, stated in the
21 | alternative, which were directed, encouraged, allowed, and/or ratified by policy-making officers of
22 | LVMPD:

23 |   a.  To tolerate the failure to correctly ascertain the culpability of citizens in its
24 |       custody;

25 |   b.  To tolerate and allow the false imprisonment of citizens;

26 |   c.  To fail to use appropriate and generally accepted law enforcement procedures
27 |       in identifying and classifying citizens;

28 | . . .

12

1    d.   To deny citizens their right to due process and other constitutional rights as set
2         forth herein;

3    e.   To allow, tolerate, and/or encourage a "code of silence" among law
4         enforcement officers and police department personnel, whereby an officer or
5         member of the department does not provide adverse information against a
6         fellow officer or member of the department; and,

7    f.   To use or tolerate the unlawful imprisonment of individuals who did not have
8         a valid basis of imprisonment;

9    g.   To fail to use appropriate and generally accepted law enforcement procedures
10        in correctional environments;

11   h.   To use or tolerate inadequate, deficient, and improper procedures for handling,
12        investigating, and reviewing complaints of unlawful imprisonment.

13   i.   being deliberately indifferent to the constitutional rights of inmates by having
14        a policy to refuse to treat pretrial detainees for serious psychological
15        conditions.

16   j.   Policy of failing to discipline poorly performing officers and officers who
17        violate citizens' constitutional rights.

18   67.   The unconstitutional actions and/or omissions of Defendants Hosaka, Mitchell, Doe
19   Henderson Police Officers I-X, and Doe LVMPD Police Officers I-X as described above, were
20   approved, tolerated, and/or ratified by Defendant Moers, Defendant Gillespie and Doe policy-making
21   officials of Henderson and LVMPD.

22   68.   The aforementioned customs, policies, practices, and procedures, as well as the
23   unconstitutional orders, approvals, ratification and toleration or wrongful conduct by Defendants
24   Moers and Gillespie were a moving force and/or proximate cause of the deprivations of Plaintiff's
25   clearly-established and well-settled constitutional rights in violation of 42 USC § 1983, as set forth
26   herein.

27   . . .

28   . . .

13

1    69.    Plaintiff is thus entitled to compensatory damages, general and special, resulting
2  from the protracted violation of the aforementioned constitutional rights under 42 U.S.C. § 1983.

3    70.    Plaintiff has been forced to pursue this action in search of justice and to enforce the
4  provisions of 42 U.S.C. § 1983 and are therefore entitled to be awarded reasonable attorney's fees
5  as part of their costs pursuant to 41 U.S.C. § 1988.

6    71.    That as a direct result of the acts and omissions of the Defendants, and each of
7  them, Plaintiff was caused to suffer physical and mental injury, pain and suffering, and severe
8  emotional distress and other related costs, including but not limited to attorney fees in excess of
9  ten thousand dollars ($10,000.00).

10    72.    Defendants subjected Plaintiff to wrongful conduct, depriving Plaintiff of rights
11  described herein, knowingly, maliciously, and with conscious and reckless disregard for whether
12  the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

13    73.    As a direct and proximate result of the unconstitutional actions, omissions,
14  customs, policies, practices, and procedures by Defendants Moers and Gillespie, as described
15  above, Plaintiff sustained injuries and are entitled to damages, penalties, costs and attorney fees as
16  set forth above, and punitive damages in excess of ten thousand dollars ($10,000.00).

17                          **FIFTH CAUSE OF ACTION**

18                  **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

19                          **(Against all Defendants)**

20    74.    Plaintiff realleges each and every paragraph in this Complaint as if fully set forth here.

21    75.    That to sustain a claim for intentional infliction of emotional distress, the following
22  elements must exist: (1) the conduct involved must be extreme and outrageous; (2) the
23  actor must either intend that his conduct inflict severe emotional distress or know that there is at least
24  a high probability that his conduct will cause severe emotional distress; and (3) the conduct must in
25  fact cause severe emotional distress.

26    76.    That by their acts and omissions, the Defendants, and each of them, intentionally and
27  recklessly inflicted emotional distress on Plaintiff, by arresting Ms. Kelley without probable cause,
28  refusing ot provide exculpatory evidence, denying her medical care for serious medical needs, and

                                   14

1  causing her to be wrongfully incarcerated for approximately six months.

2      77.    That the conduct of the Defendants described above has caused the Plaintiff to endure

3  humiliation, anxiety, embarrassment and severe emotional distress.

4      78.    That the Defendants' conduct was extreme and outrageous, and exceeds all possible

5  bounds of decency and which would arouse resentment against the actors and lead to exclamation of

6  "outrageous" by an average member of the community.

7      79.    That the Defendants knew, intended, should have known, or known that there is a high

8  probability that this conduct would cause severe emotional distress.

9      80.    That this conduct is so extreme that no reasonable person can be expected to endure

10  it.

11      81.    That the Defendants' actions are without just cause.

12      82.    That the Defendants are liable to the Plaintiff for compensable as well as punitive

13  damages for an amount in excess of ten thousand dollars ($10,000.00).

14  <center>**SIXTH CAUSE OF ACTION**</center>

15  <center>**PENDANT STATE TORTS - MALICIOUS PROSECUTION**</center>

16  <center>**(Against all Defendants)**</center>

17      83.    Plaintiffs reallege each and every paragraph in this Complaint as if fully set forth here.

18      84.    Defendants initiated, procured the institution of and actively participated in the

19  continuation of a criminal proceeding against for approximately six months.

20      85.    Defendants lacked probable cause to commence said proceeding.

21      86.    Defendants acted with malice towards Plaintiff.

22      87.    The criminal proceeding terminated in Plaintiff's favor.

23      88.    Plaintiff suffered injury to her reputation, humiliation, embarrassment, mental

24  suffering, financial damages, and inconvenience, all proximately caused by Defendants' actions.

25      89.    As a direct and proximate result of the malicious prosecution and the gross

26  negligence and carelessness and other improper conduct of Defendants, and each of them,

27  Plaintiff is entitled to special damages that Plaintiffs incurred and punitive damages in an amount in

28  excess of ten thousand dollars ($10,000.00).

<center>15</center>

1      90.    As a further result of Defendants' conduct, Plaintiffs have had to retain the services

2 of attorneys in this matter, and therefore, seeks reimbursement for attorney's fees and costs.

3      91.    That the initiation and continued prosecution of the Plaintiff constitutes malicious

4 prosecution, and the individual Defendants are jointly liable to the Plaintiff for actual and punitive

5 damages in excess of ten thousand dollars ($10,000.00).

6 <div align="center">**SEVENTH CAUSE OF ACTION**</div>

7 <div align="center">**PENDANT STATE TORTS - FALSE IMPRISONMENT**</div>

8 <div align="center">**(Against All Defendants)**</div>

9      92.    Plaintiff realleges each and every paragraph in this Complaint as if fully set forth here.

10      93.    That an individual is falsely imprisoned if his liberty was retrained without

11 sufficient cause

12      94.    That the Plaintiff's liberty was restrained without sufficient cause by the Defendants,

13 jointly and severally.

14      95.    That the Defendants are jointly and individually liable to the Plaintiff for actual and

15 punitive damages in excess of ten thousand dollars ($10,000.00).

16 <div align="center">**EIGHTH CAUSE OF ACTION**</div>

17 <div align="center">**NEGLIGENCE**</div>

18 <div align="center">**(Against all Defendants)**</div>

19      96.    Plaintiff realleges each and every paragraph in this Complaint as if fully set forth

20 herein.

21      97.    The Defendants had a duty to the properly gather evidence, including exculpatory

22 evidence; to not wrongfully imprison Plaintiff, and to provide Plaintiff medical care for serious

23 medical needs. Defendants breached each and every one of these duties which caused Plaintiff

24 damages.

25      98.    The Defendants breached their duty by failing to cooberate Plaintiff's whereabouts at

26 the time the alleged crime had taken place and then detaining Plaintiff for an excessive period of time

27 thereby causing her to suffer severe emotional distress.

28 . . .

<div align="center">16</div>

1    99.    The Plaintiff suffered emotional and physical damages in an amount in excess of ten
2  thousand dollars ($10,000.00).

3    100.   The Defendants, conduct in breaching their duty to the Plaintiff, as described above,
4  were willful, wanton, reckless, and in conscious disregard for the rights of Plaintiff and others, such
5  punitive damages in excess of ten thousand dollars ($10,000.00).

6                                   **PRAYER FOR RELIEF**

7    WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows as
8  to the Tenth Causes of Action where applicable as follows:

9    1.    for compensatory damages, in an amount in excess of ten thousand dollars
10   ($10,000.00);

11   2.    for special damages for medical expenses in an amount in excess of ten thousand
12   dollars ($10,000.00);

13   3.    for punitive damages where applicable, and against all individual Defendants, in an
14   amount in excess of ten thousand dollars ($10,000.00);

15   4.    For costs of suit incurred herein;

16   5.    for reasonable attorney fees and costs of suit, including interest at the highest
17   allowable rate, pursuant to U.S.C. § 1988; and

18   6.    for such other and further relief as this Court deems just and proper.

19   DATED this 14th day of October, 2015.

20                                   POTTER LAW OFFICES

21
22                                   By:   /s/ Cal J. Potter, III, Esq.
                                     CAL J. POTTER, III, ESQ.
                                     Nevada Bar No. 1988
23                                   C. J. POTTER, IV, ESQ.
                                     Nevada Bar No. 13225
24                                   1125 Shadow Lane
                                     Las Vegas, NV 89102
25                                   *Attorneys for Plaintiff*
26
27
28

                                         17

1  SUMMONS
   CAL J. POTTER, III, ESQ.
2  Nevada Bar No. 1988
   C. J. POTTER, IV, ESQ.
3  Nevada Bar No. 13225
   POTTER LAW OFFICES
4  1125 Shadow Lane
   Las Vegas, Nevada 89102
5  Ph: (702) 385-1954
   Fax: (702) 385-9081
6  *Attorney for Plaintiffs*

7
                        **DISTRICT COURT**
8
                  **CLARK COUNTY, NEVADA**
9
   VANESSA KELLEY,                    CASE NO.:   A-15-726182-C
10
           Plaintiff,                 DEPT. NO.:  17
11
   vs.
12
   CITY OF HENDERSON, a political subdivision
13 of the State of Nevada and the County of Clark;
   LAS VEGAS METROPOLITAN POLICE
14 DEPARTMENT, a political subdivision of the
   State of Nevada and the County of Clark d/b/a
15 CLARK COUNTY DETENTION CENTER;
   HENDERSON POLICE CHIEF PATRICK
16 MOERS, in his individual capacity;
   LVMPD SHERIFF DOUGLAS GILLESPIE, in
17 his individual capacity; DETECTIVE MARK
   HOSAKA, in his individual capacity as an
18 officer employed by the City of Henderson;
   DETECTIVE CHAD MITCHELL, in his
19 individual capacity as an officer employed by
   the City of Henderson; NAPHCARE, medical
20 care provider for the Clark County Detention
   Center; CORIZON CORRECTIONAL
21 HEALTHCARE, medical care provider for the
   Henderson Jail; DOE DEFENDANTS I-X,
22 individually; DOE HENDERSON POLICE
   OFFICERS I-X, individually as officers
23 employed by the City of Henderson; DOE
   LVMPD POLICE OFFICERS I-X, individually
24 as officers employed by LVMPD; and ROE
   ENTITIES I-X, inclusive;
25
           Defendants.
26

27 . . .

28 . . .

                              1

1 | **NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU**

2 | **WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ**

3 | **THE INFORMATION BELOW.**

4 | **TO THE DEFENDANT:** A civil Complaint has been filed by the Plaintiff(s) against you for the

5 | relief set forth in the Complaint.

6 | *LAS VEGAS METROPOLITAN POLICE DEPARTMENT*

7 | *SHERIFF DOUGLAS GILLESPIE*

8 | 1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you

9 | exclusive of the day of service, you must do the following:

10 | a. File with the Clerk of this Court, whose address is shown below, a formal written

11 | response to the Complaint in accordance with the rules of the Court.

12 | b. Serve a copy of your response upon the attorney whose name and address is shown

13 | below.

14 | 2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and

15 | this Court may enter a judgment against you for the relief demanded in the Complaint, which could

16 | result in the taking of money or property or other relief requested in the Complaint.

17 | 3. If you intend to seek the advice of an attorney in this matter, you should do so promptly

18 | so that your response may be filed on time.

19 | Issued at the direction of:
POTTER LAW OFFICES

20 |

21 | CAL J. POTTER, III, ESQ.
Nevada Bar No. 1988

22 | C. J. POTTER, IV, ESQ.
Nevada Bar No. 13225

23 | Las Vegas, NV 89102
(702) 385-1954

24 | *Attorneys for Plaintiff*

CLERK OF THE COURT

By:
**DEPUTY CLERK**     Date
Clark County Regional Justice Center
200 Lewis Avenue
Las Vegas, NV 89155

OCT 28 2015

25 |
26 | **NOTE:** When service is by publication, add a brief statement of the object of the action. See Rules
of Civil Procedure, Rule 4(b).

27 |

28 |

2

1  **AFFIDAVIT OF SERVICE**

2  STATE OF _____ )
3                              ) ss:
   COUNTY OF _____ )
4

5  _____, being duly sworn says: That at all times herein affiant was and

6  is a citizen of the United States, over 18 years of age, not party to nor interested in the proceeding in

7  which this affidavit is made. That affiant received _____ copy(ies) of the Summons and

8  Complaint, _____ on the _____ day of _____, 20__, and served the same

9  on the _____ day of _____, 20__ by:

10                      **(affiant must complete the appropriate paragraph)**

11  1.    delivering and leaving a copy with the defendant _____

12        at (state address)_____

13        2.    serving the defendant _____ by

14              personally delivering and leaving a copy with_____, a

15              person of suitable age and discretion residing at the defendant's usual place of abode

16              located at (state address) _____.

17        3.    serving the defendant _____ by

18              personally delivering and leaving a copy at (state address)_____.

19        a.    with _____ as _____, an agent

20              lawfully designated by statute to accept service of process.

21  b.    with _____, pursuant to NRS 14.020 as a

22        person of suitable age and discretion at the above address, which address is the address of the

23        resident agent as shown on the current certificate of designation filed with the Secretary of

24        State.

25  . . .

26

27  . . .

28

3

4.   personally depositing a copy in a mail box of the United States Post Office, enclosed in a

sealed envelope postage prepaid (check appropriate method):

_____ ordinary

_____ certified mail, return receipt requested

_____ registered mail, return requested

addressed to the defendant _____ at the defendant's last

known address which is (state address) _____.

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is

true and correct.

EXECUTED this _____ day of _____, 20__.

_____
Signature of Person Making Service

SUBSCRIBED and SWORN to before

me this _____ day of _____, 20__.

_____
NOTARY PUBLIC
In and for said County and State.

4

1  **SUMMONS**
   CAL J. POTTER, III, ESQ.
2  Nevada Bar No. 1988
   C. J. POTTER, IV, ESQ.
3  Nevada Bar No. 13225
   POTTER LAW OFFICES
4  1125 Shadow Lane
   Las Vegas, Nevada 89102
5  Ph:  (702) 385-1954
   Fax: (702) 385-9081
6  *Attorney for Plaintiffs*

7

## DISTRICT COURT

8

## CLARK COUNTY, NEVADA

9
   VANESSA KELLEY,                           CASE NO.:   A-15-726182-C
10
                   Plaintiff,                DEPT. NO.:  17
11
   vs.
12
   CITY OF HENDERSON, a political subdivision
13 of the State of Nevada and the County of Clark;
   LAS VEGAS METROPOLITAN POLICE
14 DEPARTMENT, a political subdivision of the
   State of Nevada and the County of Clark d/b/a
15 CLARK COUNTY DETENTION CENTER;
   HENDERSON POLICE CHIEF PATRICK
16 MOERS, in his individual capacity;
   LVMPD SHERIFF DOUGLAS GILLESPIE, in
17 his individual capacity; DETECTIVE MARK
   HOSAKA, in his individual capacity as an
18 officer employed by the City of Henderson;
   DETECTIVE CHAD MITCHELL, in his
19 individual capacity as an officer employed by
   the City of Henderson; NAPHCARE, medical
20 care provider for the Clark County Detention
   Center; CORIZON CORRECTIONAL
21 HEALTHCARE, medical care provider for the
   Henderson Jail; DOE DEFENDANTS I-X,
22 individually; DOE HENDERSON POLICE
   OFFICERS I-X, individually as officers
23 employed by the City of Henderson; DOE
   LVMPD POLICE OFFICERS I-X, individually
24 as officers employed by LVMPD; and ROE
   ENTITIES I-X, inclusive;
25
                   Defendants.
26

27 . . .

28 . . .

1

11-2-2015   1025 HRS   5830L0I

1  **NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU**

2  **WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READD**

3  **THE INFORMATION BELOW.**

4  **TO THE DEFENDANT:** A civil Complaint has been filed by the Plaintiff(s) against you for the

5  relief set forth in the Complaint.

6  *LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the*

7  *State of Nevada and the County of Clark d/b/a CLARK COUNTY DETENTION CENTER*

8      1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you

9  exclusive of the day of service, you must do the following:

10          a. File with the Clerk of this Court, whose address is shown below, a formal written

11          response to the Complaint in accordance with the rules of the Court.

12          b. Serve a copy of your response upon the attorney whose name and address is shown

13          below.

14      2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and

15  this Court may enter a judgment against you for the relief demanded in the Complaint, which could

16  result in the taking of money or property or other relief requested in the Complaint.

17      3. If you intend to seek the advice of an attorney in this matter, you should do so promptly

18  so that your response may be filed on time.

19  Issued at the direction of:
POTTER LAW OFFICES

20

        CLERK OF THE COURT

        By: _____    Date

21  CAL J. POTTER, III, ESQ.
Nevada Bar No. 1988

        DEPUTY CLERK
Clark County Regional Justice Center

22  C. J. POTTER, IV, ESQ.
Nevada Bar No. 13225

        200 Lewis Avenue
Las Vegas, NV 89155

23  Las Vegas, NV 89102
(702) 385-1954

24  *Attorneys for Plaintiff*

25  **NOTE:** When service is by publication, add a brief statement of the object of the action.  See Rules

26  of Civil Procedure, Rule 4(b).

27

28

        2

1    **AFFIDAVIT OF SERVICE**

2    STATE OF _____ )
3                                          ) ss:
4    COUNTY OF _____ )

5    _____, being duly sworn says: That at all times herein affiant was and

6    is a citizen of the United States, over 18 years of age, not party to nor interested in the proceeding in

7    which this affidavit is made.    That affiant received _____ copy(ies) of the Summons and

8    Complaint,_____ on the _____ day of _____, 20__, and served the same

9    on the _____ day of _____, 20__ by:

10    **(affiant must complete the appropriate paragraph)**

11    1.    delivering and leaving a copy with the defendant _____

12          at (state address) _____

13    2.    serving the defendant _____ by

14          personally delivering and leaving a copy with_____, a

15          person of suitable age and discretion residing at the defendant's usual place of abode

16          located at (state address) _____.

17    3.    serving the defendant _____ by

18          personally delivering and leaving a copy at (state address) _____.

19    a.    with _____ as _____, an agent

20          lawfully designated by statute to accept service of process.

21    b.    with _____, pursuant to NRS 14.020 as a

22          person of suitable age and discretion at the above address, which address is the address of the

23          resident agent as shown on the current certificate of designation filed with the Secretary of

24          State.

25    . . .

26

27    . . .

28

3

4.    personally depositing a copy in a mail box of the United States Post Office, enclosed in a

sealed envelope postage prepaid (check appropriate method):

            ____ ordinary

            ____ certified mail, return receipt requested

            ____ registered mail, return requested

addressed to the defendant _____ at the defendant's last

known address which is (state address) _____.

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is

true and correct.

        EXECUTED this ____ day of _____, 20__.

                                   Signature of Person Making Service

SUBSCRIBED and SWORN to before

me this ____ day of _____, 20__.

NOTARY PUBLIC
In and for said County and State.

4

1  LYSSA S. ANDERSON
   Nevada Bar No. 5781
2  RYAN W. DANIELS
   Nevada Bar No. 13094
3  KAEMPFER CROWELL
   8345 West Sunset Road, Suite 250
4  Las Vegas, Nevada  89113
   Telephone:  (702) 792-7000
5  Fax:          (702) 796-7181
   landerson@kcnvlaw.com
6  rdaniels@kcnvlaw.com

7  Attorneys for Defendants
   SHERIFF DOUGLAS GILLESPIE and
8  LAS VEGAS METROPOLITAN POLICE DEPARTMENT

9                          DISTRICT COURT

10                     CLARK COUNTY, NEVADA

11

12  VANESSA KELLEY,                          Case No.:  A-15-726182-C
                                             Dept.  XVII
13              Plaintiff,

    vs.
14
    CITY OF HENDERSON, a political           **NOTICE BY LVMPD DEFENDANTS OF**
15  subdivision of the State of Nevada and the      **REMOVAL OF ACTION**
    County of Clark; LAS VEGAS
16  METROPOLITAN POLICE DEPARTMENT,
    a political subdivision of the State of Nevada
17  and the County of Clark d/b/a CLARK
    COUNTY DETENTION CENTER;
18  HENDERSON POLICE CHIEF PATRICK
    MOERS, in his individual capacity; LVMPD
19  SHERIFF DOUGLAS GILLESPIE, in his
    individual capacity; DETECTIVE MARK
20  HOSAKA, in his individual capacity as an
    officer employed by the City of Henderson;
21  DETECTIVE CHAD MITCHELL, in his
    individual capacity as an officer employed by
22  the City of Henderson; NAPHCARE, medical
    care provider for the Clark County Detention
23  Center; CORIZON CORRECTIONAL
    HEALTHCARE, a medical care provider for
24  the Henderson Jail; DOE DEFENDANTS I-X,
    individually; DOES HENDERSON POLICE
    OFFICERS I-X, individually as officers

KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO
8345 West Sunset Road
Suite 250
Las Vegas, Nevada  89113

1    employed by the City of Henderson; DOE
LVMPD POLICE OFFICERS I-X,

2    individually as officers employed by LVMPD;
and ROE ENTITIES I-X, inclusive,

3

         Defendants.

4

5       TO THE CLERK OF THE EIGHTH JUDICIAL DISTRICT COURT OF CLARK

6 COUNTY, NEVADA:

7       YOU, and each of you, will please take notice on that on the 20th day of November, 2015,

8 Defendants Sheriff Douglas Gillespie and the Las Vegas Metropolitan Police Department (the

9 "LVMPD Defendants") filed in the United States District Court, District of Nevada, a Notice of

10 Removal with respect to the above-captioned action, a true and correct copy of which is attached

11 hereto.

12       PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446(d), this Court

13 may not proceed further unless and until the action is remanded.

14       DATED this 20th day of November, 2015.

15                KAEMPFER CROWELL

16

17                BY: _____

18                    LYSSA S. ANDERSON (Nevada Bar No. 5781)
RYAN DANIELS (Nevada Bar No. 13094)

19                    8345 West Sunset Road, Suite 250
Las Vegas, Nevada 89113

20                    **Attorneys for Defendants SHERIFF DOUGLAS
GILLESPIE and LAS VEGAS METROPOLITAN
POLICE DEPARTMENT**

21

22

23

24

KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO
8345 West Sunset Road
Suite 250
Las Vegas, Nevada 89113

1722577_1.doc  6943.94

1

## CERTIFICATE OF SERVICE

2      I hereby certify that service of the foregoing **NOTICE BY LVMPD DEFENDANTS**

3  **OF REMOVAL OF ACTION** was made this date via this Court's CM/ECF filing system,

4  addressed to each of the following:

5  Cal J. Potter, III, Esq.
   Cal J. Potter, IV, Esq.
6  Potter Law Offices
   1125 Shadow Lane
7  Las Vegas, NV 89102
   **Attorneys for Plaintiff**

8      DATED this 20th day of November 2015.

9

10                              _Becky Hildebrand_
                                an employee of Kaempfer Crowell

11

12

13

14

15

16

17

18

19

20

21

KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO
8345 West Sunset Road
Suite 250
Las Vegas, Nevada 89113
22

23

24